UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:26-cv-21610-ALTONAGA/Reid

ZOHRA KHORASHI

Plaintiff,

v.

CHARTWELL LAW OFFICES, LLP,

Defendant.
_______________________________________/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Chartwell Law Offices, LLP ("Defendant" or "Chartwell"), by and through its undersigned counsel, files its Answer and Affirmative Defenses to Plaintiff's Complaint for Damages, and states as follows:

**Introduction**

1. Defendant avers that Plaintiff purports to bring this action pursuant to 42 U.S.C. § 1981 ("Section 1981") and the Florida Civil Rights Act of 1992, Florida Statute Chapter 760 ("FCRA"), but denies that Plaintiff is entitled to any relief or damages in this matter or that Defendant violated Section 1981 or the FCRA.

2. Defendant denies the allegations set forth in Paragraph 2 of the Complaint.

**Jurisdiction**

3. Defendant admits that jurisdiction is proper in this Court, but denies that Plaintiff is entitled to any relief or damages in this matter or that Defendant violated Section 1981 or the FCRA.

4. Defendant admits that venue is proper in the U.S. District Court for the Southern District of Florida but denies that Plaintiff is entitled to any relief or damages in this matter or that Defendant violated the FCRA.

5. Defendant admits that it employed Plaintiff as an Associate Attorney in Miami, Florida. Defendant lacks knowledge sufficient to either admit or deny the remaining allegations set forth in Paragraph 5 of the Complaint and, therefore, denies same.

6. Defendant avers that Plaintiff purports to bring this action pursuant to the protections allowed under Section 1981 but denies that Plaintiff is entitled to any relief or damages in this matter or that Defendant violated Section 1981.

7. Defendant avers that Plaintiff purports to bring this action pursuant to the protections allowed under the FCRA but denies that Plaintiff is entitled to any relief or damages in this matter or that Defendant violated the FCRA.

8. Defendant admits the allegations set forth in Paragraph 8 of the Complaint.

**<u>Compliance with Procedural Requirements</u>**

9. Defendant admits that Plaintiff filed a charge against Defendant with the Equal Employment Opportunity Commission ("EEOC"), but denies the remaining allegations set forth in Paragraph 9 of the Complaint.

10. Defendant admits that more than 180 days have passed since Plaintiff's filing of the charge of discrimination. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 10 of the Complaint and, therefore, denies same.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and, therefore, denies same.

12. Defendant avers that Plaintiff has retained counsel but denies that Plaintiff is entitled to any of the damages and relief sought and that Defendant violated Plaintiff's rights under Section 1981 and the FCRA.

13. Defendant denies the allegations set forth in Paragraph 13 as stated. Defendant avers that Plaintiff was hired as a law clerk on or about April 26, 2018 and then accepted a position as an associate attorney in September of 2018.

14. Defendant denies the allegations set forth in Paragraph 14 of the Complaint. .

15. Defendant denies the allegations set forth in Paragraph 15 of the Complaint.

16. Defendant denies the allegations set forth in Paragraph 16 of the Complaint.

17. Defendant admits that Derek Lloyd is an initial point of contact for employee complaints but denies that Plaintiff made a complaint to him regarding Victoria Godwin. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 17 of the Complaint and, therefore, denies same.

18. Defendant denies the allegations set forth in Paragraph 18 of the Complaint.

19. Defendant denies the allegations set forth in Paragraph 19 of the Complaint.

20. Defendant admits that Plaintiff submitted a complaint to Human Resources about alleged discrimination but denies that Chartwell or any of its employees engaged in discrimination against Plaintiff. Defendant denies the remaining allegations set forth in Paragraph 20 of the Complaint.

21. Defendant denies the allegations set forth in Paragraph 21 of the Complaint.

22. Defendant denies the allegations set forth in Paragraph 22 of the Complaint.

23. Defendant admits that Plaintiff worked with partners from both the Deerfield Beach and Miami offices, but denies the remaining allegations set forth in Paragraph 23 of the Complaint.

24. Defendant admits that Plaintiff submitted complaints to Human Resources about alleged discrimination and retaliation but denies that Chartwell or any of its employees engaged in discrimination or retaliation against Plaintiff. Defendant denies the remaining allegations set forth in Paragraph 24 of the Complaint.

25. Defendant admits that Plaintiff submitted complaints to Human Resources about alleged discrimination and retaliation but denies that Chartwell or any of its employees engaged in discrimination or retaliation against Plaintiff. Defendant denies the remaining allegations set forth in Paragraph 25 of the Complaint.

26. Defendant admits that Plaintiff was not meeting her billable hour requirement and expressed interest in working with Anthony Renaldo. Defendant denies the remaining allegations set forth in Paragraph 26 of the Complaint.

27. Defendant admits that Plaintiff apologized to Derek Lloyd for accusations of discrimination. Defendant denies the remaining allegations set forth in Paragraph 27 of the Complaint, including any inferences that Chartwell forced Plaintiff to apologize to Derek Lloyd.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint and, therefore, denies same.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint and, therefore, denies same.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint and, therefore, denies same.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint and, therefore, denies same.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint and, therefore, denies same.

33. Defendant admits the allegations set forth in Paragraph 33 of the Complaint.

34. Defendant admits that Plaintiff was informed about her low hours and being placed on part-time status as a consequence. Defendant denies the remaining allegations set forth in Paragraph 34 of the Complaint, including any inferences that Chartwell failed to address her complaints about discrimination.

35. Defendant admits that several partners expressed dissatisfaction in Plaintiff's work performance and that Chartwell investigated Plaintiff's complaints of discrimination. Defendant denies the remaining allegations set forth in Paragraph 35 of the Complaint, including any inferences that Chartwell failed to address her complaints about discrimination.

36. Defendant admits that Derek Lloyd preferred keeping his team as it was. Defendant denies the remaining allegations set forth in Paragraph 36 of the Complaint, including any inferences that Chartwell forced Plaintiff to apologize to Derek Lloyd, discriminated against Plaintiff, or failed to address her complaints about discrimination.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Complaint and, therefore, denies same.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Complaint and, therefore, denies same.

39. Defendant admits that Plaintiff sent an email to Jenn Majewski and a meeting was scheduled. Defendant denies the remaining allegations set forth in Paragraph 39 of the Complaint, including any inferences that Chartwell was spreading false rumors.

40. Defendant admits that several partners expressed dissatisfaction in Plaintiff's work performance. Defendant denies the remaining allegations set forth in Paragraph 40 of the Complaint, including that Chartwell was not communicative with Plaintiff regarding her work performance.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint and, therefore, denies same.

42. Defendant admits that Plaintiff was informed about her low hours and being placed on part-time status.. Defendant denies the remaining allegations set forth in Paragraph 42 of the Complaint, including any inferences that Chartwell relied on unsubstantiated false narratives.

43. Defendant denies the allegations set forth in Paragraph 43 of the Complaint.

44. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint and, therefore, denies same.

45. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Complaint and, therefore, denies same.

46. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Complaint and, therefore, denies same.

47. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Complaint and, therefore, denies same.

48. Defendant admits it was aware of Plaintiff's social media account. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 48 of the Complaint and, therefore, denies same.

49. Defendant denies the allegations set forth in Paragraph 49 of the Complaint.

50. Defendant admits it was aware of Plaintiff's social media account and the contents of her postings after October 7, 2023. Defendant denies the remaining allegations set forth in Paragraph 50 of the Complaint, including any inferences that Chartwell acted against its policies.

51. Defendant admits it was aware of Plaintiff's social media account and the contents of her postings after October 7, 2023. Defendant denies the remaining allegations set forth in Paragraph 51 of the Complaint, including any inferences that Chartwell acted against its policies.

52. Defendant admits it was aware of Plaintiff's social media account and the contents of her postings after October 7, 2023. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 52 of the Complaint and, therefore, denies same.

53. Defendant admits it was aware of Plaintiff's social media account and the contents of her postings after October 7, 2023. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 53 of the Complaint and, therefore, denies same.

54. Defendant admits it was aware of Plaintiff's social media account and the contents of her postings after October 7, 2023. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 54 of the Complaint and, therefore, denies same.

55. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 of the Complaint and, therefore, denies same.

56. Defendant admits Gadi Beer was Chartwell's former CEO. Defendant denies that Gadi Beer holds equity in the Firm. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 56 of the Complaint,

including any inferences that Gadi Beer had influence over Chartwell management and, therefore, denies same.

57. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Complaint and, therefore, denies same.

58. Defendant admits Plaintiff requested that Chartwell place Muslim holidays on its calendar. Defendant denies the remaining allegations set forth in Paragraph 58 of the Complaint.

59. Defendant admits the allegations set forth in Paragraph 59 of the Complaint.

60. Defendant denies the allegations that Michelle Greenberg was hired in September 2023. Defendant admits the remainder allegations set forth in Paragraph 60 of the Complaint.

61. Defendant admits it was aware of Plaintiff's social media account and the contents of her postings after October 7, 2023, and that Chartwell was concerned. Defendant denies the remaining allegations set forth in Paragraph 61 of the Complaint, including any inferences that Chartwell did not address Plaintiff's request to include Muslim holidays on its calendar.

62. Defendant admits it was aware of Plaintiff's social media account and the contents of her postings after October 7, 2023 and that Chartwell was concerned. Defendant denies the remaining allegations set forth in Paragraph 62 of the Complaint.

63. Defendant admits it was aware of Plaintiff's social media account and the contents of her postings after October 7, 2023 and that Mr. Barreras met with Plaintiff concerning her postings. Defendant denies the remaining allegations set forth in Paragraph 63 of the Complaint.

64. Defendant denies the allegations set forth in paragraph 64 of the Complaint, as stated. .

65. Defendant denies the allegations set forth in paragraph 65 of the Complaint, as stated..

66. Defendant admits it was aware of Plaintiff's social media account and the contents of her postings after October 7, 2023 and had several meetings with Plaintiff regarding her postings. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 66 of the Complaint and, therefore, denies same.

67. Defendant admits it was aware of Plaintiff's social media account and the contents of her postings after October 7, 2023. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 67 of the Complaint and, therefore, denies same.

68. Defendant admits it was aware of Plaintiff's social media account and the contents of her postings after October 7, 2023. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 68 of the Complaint and, therefore, denies same.

69. Defendant denies the allegations set forth in Paragraph 69 of the Complaint.

70. Defendant admits that Plaintiff stated that she would remove her posting of January 18, 2024. Defendant denies the remaining allegations set forth in Paragraph 70 of the Complaint.

71. Defendant admits it was aware of Plaintiff's social media account and the contents of her postings after October 7, 2023. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 71 of the Complaint and, therefore, denies same.

72. Defendant admits it was aware of Plaintiff's social media account and the contents of her postings after October 7, 2023. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 72 of the Complaint and, therefore, denies same.

73. Defendant admits it was aware of Plaintiff's social media account and the contents of her postings after October 7, 2023. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 73 of the Complaint and, therefore, denies same.

74. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 74 of the Complaint and, therefore, denies same.

75. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 of the Complaint and, therefore, denies same.

76. Defendant denies that it had no issue with the content of Plaintiff's posts. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 76 of the Complaint and, therefore, denies same.

77. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77 of the Complaint and, therefore, denies same.

78. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 78 of the Complaint and, therefore, denies same.

79. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 79 of the Complaint and, therefore, denies same.

80. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 80 of the Complaint and, therefore, denies same.

81. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 81 of the Complaint and, therefore, denies same.

82. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 82 of the Complaint and, therefore, denies same.

83. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 83 of the Complaint and, therefore, denies same.

84. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 84 of the Complaint and, therefore, denies same.

85. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 85 of the Complaint and, therefore, denies same.

86. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 86 of the Complaint and, therefore, denies same.

87. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 87 of the Complaint and, therefore, denies same.

88. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 88 of the Complaint and, therefore, denies same.

89. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 89 of the Complaint and, therefore, denies same.

90. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 90 of the Complaint and, therefore, denies same.

91. Defendant admits it was aware of Plaintiff’s social media account and the contents of her postings after October 7, 2023. Defendant denies the remaining allegations set forth in Paragraph 91 of the Complaint, including any inference that Plaintiff was not subject to discipline, up to and including termination.

92. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 92 of the Complaint and, therefore, denies same.

93. Defendant admits it received numerous complaints regarding Plaintiff's social media postings. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 93 of the Complaint and, therefore, denies same.

94. Defendant admits it terminated Plaintiff due to violation of Chartwell's policies. Defendant denies the remaining allegations set forth in Paragraph 94 of the Complaint as stated.

95. Defendant denies the allegations set forth in Paragraph 95 of the Complaint as stated.

96. Defendant denies the allegations set forth in Paragraph 96 of the Complaint as stated.

97. Defendant denies the allegations set forth in Paragraph 97 of the Complaint as stated.

98. Defendant admits that it filed a Position Statement with the EEOC in response to Plaintiff's charge. Defendant denies the remaining allegations set forth in Paragraph 98 of the Complaint, including any inferences stemming from Plaintiff's charge.

99. Defendant denies the allegations set forth in Paragraph 99 of the Complaint.

100. Defendant avers that Plaintiff sent an email to Chartwell's management that speaks for itself. To the extent a response is required, Defendant denies the specific allegations as set forth in paragraph 100 and the referenced email.

101. Defendant denies the allegations set forth in Paragraph 101 of the Complaint as stated.

102. Defendant denies the allegations set forth in Paragraph 102 of the Complaint as stated.

103. Defendant denies the allegations set forth in Paragraph 103 of the Complaint as stated.

104. Defendant denies the allegations set forth in Paragraph 104 of the Complaint as stated.

105. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 105 of the Complaint and, therefore, denies same.

106. Defendant denies the allegations set forth in Paragraph 106 of the Complaint as stated.

107. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 107 of the Complaint and, therefore, denies same.

108. Defendant admits it received complaints regarding Michelle Greenberg's postings. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 108 of the Complaint and, therefore, denies same.

109. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 109 of the Complaint and, therefore, denies same.

110. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 110 of the Complaint and, therefore, denies same.

111. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 111 of the Complaint and, therefore, denies same.

112. Defendant denies the allegations set forth in Paragraph 112 of the Complaint.

## COUNT I

## 42 U.S.C. § 1981 Discrimination Claim (Race/National Origin)

113. Defendant realleges and incorporates herein by reference its responses to Paragraphs 1-112 of the Complaint as if fully set forth herein.

114. The allegations set forth in Paragraph 114 of the Complaint call for a legal conclusion to which no response is required. Section 1981 speaks for itself. To the extent a response is required, Defendant denies such allegations.

115. Defendant denies the allegations set forth in Paragraph 115 of the Complaint.

116. Defendant denies the allegations set forth in Paragraph 116 of the Complaint.

117. Defendant denies the allegations set forth in Paragraph 117 of the Complaint.

118. Defendant denies the allegations set forth in Paragraph 118 of the Complaint.

In response to the unnumbered "WHEREFORE" clause immediately following Paragraph 118 of the Complaint, including sub-paragraphs A through F thereto, Defendant denies that it violated Plaintiff's rights, and denies that Plaintiff is entitled to any of the relief sought therein.

## COUNT II

## 42 U.S.C. § 1981 Retaliation Claim

119. Defendant realleges and incorporates herein by reference its responses to Paragraphs 1-112 of the Complaint as if fully set forth herein.

120. Defendant denies the allegations set forth in Paragraph 120 of the Complaint.

121. Defendant denies the allegations set forth in Paragraph 121 of the Complaint.

122. Defendant denies the allegations set forth in Paragraph 122 of the Complaint.

123. Defendant denies the allegations set forth in Paragraph 123 of the Complaint.

In response to the unnumbered "WHEREFORE" clause immediately following Paragraph 123 of the Complaint, including sub-paragraphs A through F thereto, Defendant denies that it violated Plaintiff's rights, and denies that Plaintiff is entitled to any of the relief sought therein.

**COUNT III**

**FCRA National Origin Discrimination Claim**

124. Defendant realleges and incorporates herein by reference its responses to Paragraphs 1-112 of the Complaint as if fully set forth herein.

125. Defendant denies the allegations set forth in Paragraph 125 of the Complaint.

126. Defendant denies the allegations set forth in Paragraph 126 of the Complaint.

127. Defendant denies the allegations set forth in Paragraph 127 of the Complaint.

128. Defendant denies the allegations set forth in Paragraph 128 of the Complaint.

In response to the unnumbered "WHEREFORE" clause immediately following Paragraph 128 of the Complaint, including sub-paragraphs A through F thereto, Defendant denies that it violated Plaintiff's rights, and denies that Plaintiff is entitled to any of the relief sought therein.

**COUNT IV**

**FCRA Religious Discrimination Claim**

129. Defendant realleges and incorporates herein by reference its responses to Paragraphs 1-112 of the Complaint as if fully set forth herein.

130. Defendant denies the allegations set forth in Paragraph 130 of the Complaint.

131. Defendant denies the allegations set forth in Paragraph 131 of the Complaint.

132. Defendant denies the allegations set forth in Paragraph 132of the Complaint.

133. Defendant denies the allegations set forth in Paragraph 133 of the Complaint.

In response to the unnumbered "WHEREFORE" clause immediately following Paragraph 133 of the Complaint, including sub-paragraphs A through F thereto, Defendant denies that it violated Plaintiff's rights, and denies that Plaintiff is entitled to any of the relief sought therein.

**COUNT IV**

**FCRA Retaliation Claim**

134. Defendant realleges and incorporates herein by reference its responses to Paragraphs 1-112 of the Complaint as if fully set forth herein.

135. Defendant denies the allegations set forth in Paragraph 130 of the Complaint.

136. Defendant denies the allegations set forth in Paragraph 131 of the Complaint.

137. Defendant denies the allegations set forth in Paragraph 132of the Complaint.

138. Defendant denies the allegations set forth in Paragraph 133 of the Complaint.

In response to the unnumbered "WHEREFORE" clause immediately following Paragraph 138 of the Complaint, including sub-paragraphs A through F thereto, Defendant denies that it violated Plaintiff's rights, and denies that Plaintiff is entitled to any of the relief sought therein.

**JURY TRIAL DEMAND**

Defendant admits that Plaintiff demands a trial by jury but denies that there are any issues so triable.

**GENERAL DENIAL**

Defendant specifically denies each and every allegation of the Complaint not expressly admitted herein.

**AFFIRMATIVE DEFENSES**

As separate and distinct defense to the Complaint, Defendant, without conceding that it has the burden of proof subject to applicable law, alleges the following:

**First Affirmative Defense**

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted to the extent Plaintiff failed to allege each element of his claims or failed to provide legally sufficient factual details to support his conclusory allegations.

**Second Affirmative Defense**

Defendant states that any actions taken with respect to Plaintiff's employment were done for legitimate, non-discriminatory, and non-retaliatory reasons, which were unrelated to any protected class. All personnel actions taken with respect to Plaintiff's employment were taken for legitimate reasons. Moreover, even if any decision(s) concerning Plaintiff were based, in part on discriminatory, interfering and/or retaliatory grounds (which Defendant specifically denies), Defendant would have reached the same decision(s), absent any alleged retaliation or interferences.

**Third Affirmative Defense**

Plaintiff's discrimination and retaliation claims are barred on the ground that, even if acts concerning Plaintiff were based in part on improper motives, which they were not, the same decision would have been reached, absent any consideration or Plaintiff's sex, race, national origin, ancestry, and/or any alleged protected activity.

**Fourth Affirmative Defense**

Defendant has made good-faith efforts to comply with Section 1981 and the Florida Civil Rights Act and to prevent discrimination and retaliation in the workplace. Defendant thus cannot be held liable, particularly for economic damages, based on the decisions of its agents, to the extent the challenged employment decisions were contrary to Defendant's efforts to comply with the relevant statutes.

**Fifth Affirmative Defense**

Defendant is not liable for any alleged wrongful action taken by employees of Defendant that were taken outside the course and scope of their duties, and which Defendant did not authorize, condone, or ratify.

**Sixth Affirmative Defense**

Plaintiff's claim for damages is barred (or limited) to the extent that it is shown in discovery that she engaged in misconduct prior to, during, or in connection with her employment, that otherwise would have resulted in adverse employment actions being taken against Plaintiff if such conduct were then known. *See McKennon v. Nashville Banner Publishing Company*, 513 U.S. 352 (1995).

**Seventh Affirmative Defense**

To the extent that Plaintiff has failed to mitigate her damages, including by seeking comparable employment, she is barred from recovering from Defendant. Indeed, Plaintiff's interim earnings or amounts that she could have earned with reasonable diligence (including any benefits, collateral source payments or recoveries) should reduce any back pay that otherwise may be recoverable by Plaintiff and entitle Defendant to a set-off.

**Eighth Affirmative Defense**

Plaintiff's damages, if any, should be reduced to the extent of any collateral source payments or recoveries attributable to Plaintiff's alleged damages.

**Ninth Affirmative Defense**

Plaintiff's claims are barred by the doctrine of unclean hands.

**Tenth Affirmative Defense**

Defendant is not liable for Plaintiff's claim for damages set forth in the Complaint to the extent that Plaintiff seeks redress for emotional injuries arising from preexisting mental conditions. To the extent that any of the purported emotional injuries are the mere exacerbation of preexisting conditions, Plaintiff has sustained no legally cognizable impact. Emotional distress or mental anguish damages, if any, must be reduced to the extent Plaintiff failed to mitigate those damages.

**Eleventh Affirmative Defense**

Plaintiff's claims under the FCRA are barred, in whole or in part, to the extent they exceed the scope of the allegations stated in the Charge of Discrimination and/or to the extent they relate to any action that occurred more than 365 days before the filing of the Charge. Plaintiff failed to exhaust her administrative remedies as to such claims.

**Twelfth Affirmative Defense**

Plaintiff's claims are barred by the doctrine of waiver.

**Thirteenth Affirmative Defense**

Plaintiff's claims are barred by the doctrine of estoppel or the improper actions of Plaintiff in failing to comply with Defendant's policies and/or directive of her superiors. Should the facts reveal that Plaintiff violated Defendant's established policies, Plaintiff should be estopped from recovering on any claim related to such violation of policy or from asserting a claim for damages.

**Fourteenth Affirmative Defense**

Plaintiff's claims are barred by the doctrine of laches.

**Fifteenth Affirmative Defense**

To the extent that any part of Plaintiff's claims is based on any action or omission that occurred outside the applicable statute of limitations, those claims are barred, in whole or in part,

by the applicable limitation's periods.

**Sixteenth Affirmative Defense**

Defendant's conduct is not the direct or proximate cause of any alleged emotional distress allegedly experienced by Plaintiff.

**Seventeenth Affirmative Defense**

All actions taken by Defendant with respect to Plaintiff's allegations and claims were reasonable and in good faith. And to the extent any alleged conduct occurred, it was not intentional.

**Eighteenth Affirmative Defense**

Plaintiff's injuries, if any, resulted from intervening, or superseding causes.

**Nineteenth Affirmative Defense**

Defendant asserts that Plaintiff lacks standing to request equitable relief because she did not suffer an injury in fact proximately caused by any act or omission of Defendant.

**Twentieth Affirmative Defense**

Plaintiff's race discrimination, national origin discrimination, and retaliation claims are barred, in whole or in part, based on the principles set forth in *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998). Defendant exercised reasonable care to prevent and promptly correct any workplace harassment, discrimination, and retaliation, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise. Defendant acted, and continues to act, in conformity with and in reliance on all applicable law(s), rule(s), and/or regulation(s). Defendant asserts that, to the extent Plaintiff complained of any alleged harassment, discrimination and/or retaliatory conduct, Defendant took prompt remedial action.

**Twenty-First Affirmative Defense**

At all times relevant hereto, Defendant had a specific policy against unlawful discrimination and retaliation in the workplace, and such policy was well-known to employees, including Plaintiff. The policy includes reasonable mechanisms designed to prevent and/or cure any discriminatory and retaliatory behavior. Defendant made good-faith efforts to ensure employees' compliance with that policy.

**Twenty-Second Affirmative Defense**

At all relevant times, Defendant acted in good faith, without malice or intent to harm, interfere, or retaliate against Plaintiff, and Defendant had reasonable grounds to believe its actions were lawful.

**Twenty-Third Affirmative Defense**

Plaintiff is not entitled to recover punitive damages in this action against Defendant because Defendant did not intentionally engage in any discriminatory, harassing, or retaliatory practices against Plaintiff with malice or with reckless indifference to Plaintiff's protected rights under the FCRA.

**Twenty-Fourth Affirmative Defense**

Plaintiff's retaliation claims are barred because Plaintiff cannot establish a causal connection between any alleged protected activity and any materially adverse action.

**Twenty-Fifth Affirmative Defense**

The injuries and damages complained of by Plaintiff were caused, in whole or in part, by the negligence, fault, or wrongful conduct of third parties not subject to Defendant's control or supervision. Said conduct constitutes an independent, intervening and superseding cause of Plaintiff's alleged damages, thereby breaking any causal connection between Defendant's conduct

and Plaintiff's damages. Accordingly, Defendant is not liable for any damages caused by such third parties.

**Reservation of Rights**

Defendant reserves the right to raise additional affirmative defenses as discovery may reveal.

WHEREFORE, having fully answered the Complaint and having raised defenses and affirmative defenses thereto, Defendant respectfully requests that this Court: (a) enter judgment in its favor and against Plaintiff; (b) award Defendant the cost of suit herein; (c) award Defendant reasonable attorneys' fees as may be determined by the Court; and (d) grant such further relief as the Court deems just and proper.

Dated: May 29, 2026

Respectfully submitted,

JACKSON LEWIS P.C.
1 SE 3rd Avenue, Suite 2300
Miami, Florida 33131
Telephone: (305) 577-7600

By: *s/ Ranjiv Sondhi*
Pedro J. Torres-Díaz, Esq.
Florida Bar No. 19327
Email: *pedro.torres-diaz@jacksonlewis.com*
Ranjiv Sondhi, Esq.
Florida Bar No. 105581
Email: *ranjiv.sondhi@jacksonlewis.com*

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of May 2026, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

By: *s/ Ranjiv Sondhi*
Ranjiv Sondhi, Esq.

## SERVICE LIST

Christopher C. Sharp, Esq.
Florida Bar No.: 996858
Email: *csharplaw@aol.com*
Secondary: *chris@csharplawfirm.com*
SHARP LAW FIRM, P.A.
1600 West State Road 84, Suite C
Fort Lauderdale, Florida 33441
Telephone: (954) 909-4246

Omar Mustafa Saleh, Esq.
Florida Bar No.: 091216
Email: *osaleh@cair.com*
Secondary: *saleh@floridalegalconsulting.com*
Syed Ahmed Ali Khan, Esq.
Florida Bar No.: 061470
Email: *akhan@cair.com*
COUNCIL ON AMERICAN ISLAMIC RELATIONS
9000 N.W. 44th Street, Suite 200
Sunrise, Florida 33351
Telephone: (954) 272-0490

*Counsel for Plaintiff*

Pedro J. Torres-Díaz, Esq.
Florida Bar No. 19327
Email: *pedro.torres-diaz@jacksonlewis.com*
Ranjiv Sondhi, Esq.
Florida Bar No. 105581
Email: *ranjiv.sondhi@jacksonlewis.com*
JACKSON LEWIS P.C.
1 SE 3rd Avenue, Suite 2300
Miami, Florida 33131
Telephone: (305) 577-7600

*Counsel for Defendant*

4910-4896-7854, v. 1